UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SARA QUINTANA, | ) |
|                 Plaintiff, | )    Case No.: 2:21-cv-00023-GMN-NJK |
| vs. | ) |
| | )    **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT; BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT, | ) |
|                 Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendants Clark County School District ("CCSD") and the Board of Trustees of the Clark County School District ("the Board"), (collectively, "Defendants"). Plaintiff Sara Quintana ("Plaintiff") filed a Response, (ECF No. 13), and Defendants filed a Reply, (ECF No. 16).

For the reasons discussed below, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

This case arises from Plaintiff's allegations that Defendants discriminated against Plaintiff on the basis of her sex, race, and national origin while Plaintiff was employed at Rancho High School ("Rancho"). (*See generally* First Am. Compl. ("FAC") Ex. A to Pet. Removal, ECF Nos. 1-2, 1-3). Plaintiff began teaching within Rancho's Aviation Department in 2014 where she initially taught Robotics and Aerospace Engineering. (*Id.* ¶¶ 20–21).

Plaintiff alleges that she faced discrimination as soon as she joined the faculty by being denied adequate access to her classroom. Gary Archambeault ("Archambeault"), a white male teacher, thrice did not appear for meetings scheduled with Plaintiff when he was supposed to provide Plaintiff keys to her classroom. (*Id.* ¶¶ 24–27, 29). Archambeault, who had occupied the classroom the previous year, also failed to remove his belongings from the classroom. (*Id.* ¶

28).  And, once Plaintiff received the keys to the classroom, some of the keys were missing. (*Id.* ¶ 31).

Plaintiff also describes being denied adequate teaching materials in the same schoolyear. She explains she lacked necessary equipment and textbooks, having only an old copy of the Navy Aviator's Handbook. (*Id.* ¶¶ 33–38).  She allegedly asked Archambeault for more material to be purchased to teach her classes, he stated he would ask those empowered to make the decision, but he later said the request had been denied without ever having made the request. (*Id.* ¶¶ 39–42).  Archambeault allegedly continued to deny Plaintiff's requests for equipment on pretextual grounds. (*Id.* ¶¶ 43–52).  Plaintiff then made a similar request to Rancho's principal, who responded by asking why she "ha[d] to be so difficult" and that "[i]f you need equipment, just ask." (*Id.* ¶¶ 55–56).  In subsequent years, Plaintiff allegedly continued to have difficulty acquiring materials to teach her classes. (*Id.* ¶¶ 59–60, 65, 90, 93, 97, 116–18).

Plaintiff also explains other discriminatory treatment she suffered, allegedly on the basis of her race, sex, and/or national origin during her years at Rancho.  She explains she was denied: access to training, equal commendation on her achievements, the ability to post about her committee service aspirations in staff chat rooms, teaching assignments for classes she was most qualified to instruct, invitations to department meetings, administrative support during altercations with parents and students, expense reimbursement for school trips and educational conferences, and other professional resources. (*Id.* ¶¶ 65–70, 76–77, 80–88, 98–100, 108–114, 119–125, 133–146, 148–167, 176, 178, 184–87, 192–96, 198–99, 206–08, 211).

On January 10, 2019, Plaintiff filed her Charge of Discrimination with the Nevada Equal Rights Commission. (*Id.* ¶ 219).  On August 17, 2020, before receiving her right to sue letter, Plaintiff filed her Complaint in Clark County District Court, and she later amended her Complaint in state court. (*See* Compl., Ex. A–C to Pet. Removal, ECF No. 1-1, 1-2, 1-3).

Defendants then removed the case to this Court. (*See* Pet. Removal, ECF No. 1). Defendants now move to dismiss the Amended Complaint. (Mot. Dismiss ("MTD"), ECF No. 6).

## II.  **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

1  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be
2  granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.
3  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a),
4  the court should "freely" give leave to amend "when justice so requires," and in the absence of
5  a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated
6  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
7  party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v.*
8  *Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendants first seek dismissal of the Board as party because Plaintiff's claims against the Board are allegedly duplicative of those against CCSD, and the Complaint fails to allege that the Board was Plaintiff's employer. (*See* Mot. Dismiss ("MTD") 11:15–12:4).  Defendants also seek dismissal of Plaintiff's hostile work environment claims[1] because: (1) Plaintiff lacks the requisite jurisdictional right-to-sue letter; (2) Plaintiff's claims are time-barred; (3) Plaintiff's claims are not within the scope of her charge of discrimination; and (4) Plaintiff fails to allege plausible claims to relief. (*Id.* 12:5–20:20).  The Court's below discussion addresses Defendants' proffered reasons for dismissal in turn.

### A. The Board as Party

The Board is a proper party to this action.  In Nevada, school districts operate as agents of school boards. *See* NRS 385.350; *Eason v. CCSD*, 303 F.3d 1137, 1144 (9th Cir. 2002). Given Title VII's broad definition of "employer," the Board may bear liability for CCSD's conduct as the Board's agent.  As CCSD's principal, and given Title VII's broad definition of "employer," the Board may be named as party. *See, e.g.*, *Penk v. Oregon State Bd. of Higher*

---

[1] Defendants' Motion seems to imply that Plaintiff raises claims other than hostile work environment claims. However, the Amended Complaint appears to abandon the claims raised in the prior Complaint. (*Compare* Compl. Ex. A to Pet. Removal, ECF No. 1-1, 1-2); (*with* Am. Compl., Ex. A to Pet. Removal, ECF No. 1-2, 1-3).

*Ed.*, 93 F.R.D. 45, 52 (D. Or. 1981) ("Title VII's definition of employer is broad in scope; it covers persons with 15 or more employees, engaged in an industry affecting commerce, and any agent of such a person. 42 U.S.C. § 2000e(b). This term has been construed as covering local school boards which operate numerous schools.") (citing *Harrington v. Vandalia-Butler*, 418 F. Supp. 603 (D. Ohio 1976), *rev'd on other grounds* 585 F.2d 192 (6th Cir. 1978), *cert. denied* 441 U.S. 932; *Mitchell v. Bd. of Trustees of Pickens County School Dist.*, 415 F. Supp. 512 (D.S.C. 1976), *rev'd on other grounds* 599 F.2d 582 (4th Cir. 1978)).

### B.     Right-to-Sue Letter

Defendants next argue that the Court lacks jurisdiction over the case because Plaintiff failed to exhaust her administrative remedies by obtaining a right-to-sue letter before filing the Complaint. (MTD 12:5–13:14). Although Plaintiff admittedly initiated this action before receiving a right-to-sue letter, she has since received a right-to-sue letter. (*See* Notice of Right to Sue, Ex. 1 to Pl.'s Resp., ECF No 13-2).[2] Plaintiff's acquisition of a right-to-sue letter during the pendency of the action cured any prior jurisdictional defect. *Wrighten v. Metro. Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) ("the subsequent issuance of the 'right to sue' letter cured any jurisdictional defects").

### C.     Timeliness, Scope, Plausibility

Defendants contend that Plaintiff's claims are untimely because they concern conduct dating back to 2015, but Plaintiff filed her administrative charge in January of 2019. (MTD 13:16–15:15). They further argue that even if Plaintiff has asserted one timely instance of discriminatory conduct, her hostile work environment claim cannot rely on untimely discrete acts of discrimination. (*Id.*). Plaintiff responds that her claims are properly categorized under a hostile work environment theory, rendering her claims timely. (Pl.'s Resp. 8:6–11:7).

---

[2] The Court takes judicial notice of the right-to-sue letter pursuant to Fed. R. Evid. 201.

Title VII makes it an "unlawful employment practice" to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To raise a Title VII claim, a plaintiff must exhaust her administrative remedies by filing "a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). Generally, the plaintiff must file her administrative charge "either 180 days or 300 days 'after the alleged unlawful employment practice occurred.'" *See Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). Special considerations arise where the plaintiff raises allegations that occur outside the 180 or 300-day period.

Whether plaintiffs may raise facially untimely allegations in a complaint depends upon the claimed "unlawful employment practice." If the plaintiff complains of "discrete acts of discrimination," each act must be timely raised. *Morgan* 536 U.S. at 111, 113. In contrast, if the plaintiff raises a hostile work environment claim based upon separate instances of discriminatory behavior, the acts may comprise a single unlawful employment practice. *Id.* at 115. The claim is timely raised if "an act contributing to the claim occurs within the filing period[.]" *Id.* at 117. "It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." *Id.*

"Discrete acts" include concrete decisions taken with respect to the employee that have immediate consequences, "such as termination, failure to promote, denial of transfer, or refusal to hire." *Morgan* 536 U.S. at 114–116; *see, e.g.*, *Porter v. Cal. Dep't of Corr.*, 383 F.3d 1018, 1028 (9th Cir. 2004). Alternatively, behavior creating a hostile work environment comprises, "'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]'" *Id.* at 116 (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). When analyzing whether

the allegations support a plausible hostile work environment claim, the court considers: "'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23).

When a plaintiff raises a hostile work environment claim that includes acts outside the limitations period, the court must: (a) sort the alleged discrimination into discrete acts and discriminatory behavior; and (b) disregard alleged untimely discrete acts. *Cf. Porter v. Cal. Dep't of Corr.*, 383 F.3d 1018, 1027–28 (9th Cir. 2004) ("we refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment."). A plaintiff may not bootstrap untimely discrete acts of discrimination to a hostile work environment claim merely because there is some nexus between the acts alleged. *Morgan*, 536 U.S. at 113 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

Plaintiff's Amended Complaint attempts to fit a square peg into a round hole to save the timeliness of her claims. Although Plaintiff styles her claims under a hostile work environment theory, she complains almost exclusively about discrete acts of discrimination. Each of the following events are alleged discriminatory decisions Defendants took against Plaintiff that had immediate consequences that characterize discrete act claims: denying Plaintiff equipment; denying Plaintiff timely access to her classroom; denying Plaintiff training; denying Plaintiff commendation on her achievements, etc. (Compl. ¶¶ 24–29, 31–54, 65–70, 76–77, 80–88, 98–100, 108–114, 119–125, 133–146, 148–167, 176, 178, 184–87, 192–96, 198–99, 206–08, 211). Each instance is an alleged discrete act of discrimination. *Cf. Porter*, 383 F.3d at 1028

(describing "refusing to grant [plaintiff's] requests for vacation or holidays, requiring [plaintiff] to be tested for tuberculosis by her own physician, threatening disciplinary action while she was on medical leave, leaving a negative performance evaluation in her personnel file, and instructing her to enter the work site through the back gate" as discrete discriminatory acts). The acts do not allege repeated harassment Plaintiff suffered on the basis of her membership in a protected class.

The remaining allegations indicate that Plaintiff was occasionally called "difficult," but the comments are insufficient to demonstrate a hostile work environment claim. The conduct, when divorced from the discrete acts described above, would not "pollute[] [Plaintiff's] workplace, making it more difficult for her to do her job, to take pride in her work, and to desire to stay on in her position." *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994). Accordingly, the Court dismisses the Amended Complaint without prejudice. As Plaintiff may be able to adequately allege a hostile work environment theory, or discrete act discrimination based on conduct timely alleged, the Court will allow leave to amend.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 6), is **GRANTED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until twenty-one (21) days from entry of this Order to amend her complaint. Failure to timely amend will result in dismissal of the case.

Dated this  16  day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT